**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IZAR CAPITAL GROUP, LLC**<br>816 Connecticut Ave, NW 10th Fl<br>Washington, DC 20006<br><br>*Plaintiff*,<br><br>vs.<br><br><br><br>**HERA HOLDING HABITAT,<br>ECOLOGÍA Y RESTAURACIÓN<br>AMBIENTAL, S.L.**<br>Numancia 185 6a Pta<br>Barcelona, Spain 08034<br><br><br><br><br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Civil Action No. \_\_\_\_\_**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT FOR DAMAGES

Plaintiff, Izar Capital Group, LLC ("IZAR CAPITAL" or "Plaintiff"), a Virginia corporation doing business in Washington, DC, complaining of the Defendant herein, by and through their attorneys, Zampogna, P.C., respectfully set forth and allege as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking monetary relief against the Defendant for breach of contract, fraudulent inducement and consequential damages.
2. That the basis for jurisdiction and venue is diversity of citizenship between the Plaintiff and the Defendant herein.
3. Plaintiff's operates their business at 816 Connecticut Ave, NW 10th Fl, Washington, DC 20006.
4. Defendant HERA HOLDING HABITAT, ECOLOGÍA Y RESTAURACIÓN AMBIENTAL, S.L. is a Spanish Sociedad Limitada, having its last known registered address as Numancia 185 6a Pta, Barcelona, Spain 08034, being the contracting counterparty with IZAR CAPITAL.
5. The amount in controversy surpasses $75,000.00.
6. Therefore, the court has jurisdiction of this action under 28 U.S.C. Section 1332.  Further, the contract venues the claim in the United States and waives a jury trial.
7. HERA and IZAR CAPITAL transacted business in the District of Columbia.
8. HERA's conduct causes tortious injury inside the District of Columbia.
9. Jurisdiction before the judicial district of the District of Columbia is proper under D.C. Code § 13-423(a).
10. Venue within the United States District Court for the District of Columbia is proper pursuant to 28 U.S.C. § 1391(b)(3).

# PARTIES

12. That here and all times hereinafter mentioned, Plaintiff, IZAR CAPITAL, was and still is a Virginia limited liability company, in the District of Columbia at 816 Connecticut Ave, NW, 10th floor, Washington, DC 20006.

13. That here and all times hereinafter mentioned, Defendant is HERA HOLDING HABITAT, ECOLOGÍA Y RESTAURACIÓN AMBIENTAL, S.L. is a Spanish Sociedad Limitada, having its last known registered address as Numancia 185 6a Pta, Barcelona, Spain 08034 and shall be addressed as "HERA" hereinafter.

# FACTUAL ALLEGATIONS

14. That on or around November 2013, Navigator Capital Group, LLC, a Virginia company, through its principals, Paul Hammer and JF Scarborough III, were contracted by HERA to provide strategic financial advisory services for HERA (the "Services") in exchange for both monthly payments and additional payments.

15. Navigator Capital Group, LLC and HERA entered into an agreement on 28 November, 2013 (hereinafter "Services Agreement").

16. Navigator Capital Group, LLC, assigned the Services Agreement to IZAR CAPITAL on 10 September 2014.

17. On February 20, 2015, IZAR CAPITAL and HERA entered into an amendment to the Services Agreement (hereinafter "Services Amendment").

18. The Services Amendment provided for an additional monthly fee payable to IZAR CAPITAL by HERA.

19. HERA failed to make timely, consistent, and complete and consistent payments under the Services Agreement and the Services Amendment, and stopped making payments on or about April 2015.

20. IZAR CAPITAL repeatedly, via phone, email and verbally, requested payment for past due amounts, to various applicable people within HERA.

Complaint
Page **3** of **8**

21. IZAR CAPITAL continued performing the Services as required under the Services Agreement and Service Amendment.

22. On or about October 2015, HERA notified IZAR CAPITAL of HERA's intent to terminate HERA's provision of services to IZAR CAPITAL.

23. The parties remained in contact and IZAR principals periodically met with HERA's CEO.

24. On or about June, 2016 HERA asked that IZAR CAPITAL and HERA create a new services agreement, which included providing service on a monthly basis and the repayment of past due amounts from the Services Agreement and Services Amendment.

25. HERA provided assurances to IZAR CAPITAL that HERA would repay past due amounts.

26. HERA also requested IZAR CAPITAL continue working on behalf of HERA to maintain HERA's credibility.

27. IZAR CAPITAL continued working on behalf of HERA based on HERA's assurances that HERA would pay past due amounts, and to this end continued communicating with existing and potential clients for HERA for HERA's benefit.

28. HERA expressed satisfaction with the work completed by IZAR CAPTIAL.

29. HERA failed to make complete and timely payments to IZAR CAPITAL.

30. IZAR CAPITAL made repeated attempts to collect the outstanding payments totaling $2,566,933.00 for retainers, out-of-pocket costs, and the change-of-control enterprise value closing fee.

31. HERA responded to IZAR CAPITAL's efforts by making promises that HERA would satisfy their obligations under the Services Agreement and Services Amendment.

32. IZAR CAPITAL complied with the terms of both the Service Agreement and the Service Amendment, having traveled and completed work on behalf of HERA, including traveling at least twelve times domestically and internationally from January 2014 to May 2016.

33. IZAR CAPITAL had other extensive communications with HERA on multiple other occasions during the time of their provision of services, both in person, on the phone and via email. ["on the phone, and via email" indicates the phone call and email could occur separately. The current form does not.]

34. HERA has not paid the past due amounts despite the communications IZAR CAPITAL made to HERA. [I recommend: HERA has not paid the past due amounts despite representing to IZAR CAPITAL that HERA would pay past due amounts.]

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS AGAINST THE DEFENDANTS HEREIN BREACH OF CONTRACT

35. IZAR CAPITAL repeats, reiterates, and re-alleges each allegation contained in paragraphs 1 to 34, with the same force and effect as if more fully and length set forth herein.

36. The Services Agreement and Services Amendment required payment for the Sservices performed by IZAR CAPITAL on behalf of HERA. ["payment for the Services" would be better, links it back to the earlier definition fleshed out earlier.]

37. The requirement to pay is a material component of both the Services Agreement and the Services Amendment.

38. On or about April 2015, HERA breached the Services Agreement and the Services Amendment by failing to compensate IZAR CAPITAL for services rendered by IZAR CAPTIAL.

39. HERA was not released from performance under the Services Agreement and the Services Amendment.

40. IZAR CAPITAL performed its obligations under the Services Agreement and the Services Amendment and acted in good faith under the assurances of payment by HERA.

41. IZAR CAPITAL sustained damages in the sum of $2,566,933.00, as a result of HERA's breach of contract.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS AGAINST THE DEFENDANTS HEREIN FRAUD IN THE INDUCEMENT

42. IZAR CAPITAL repeats, reiterates, and re-alleges each allegation contained in paragraphs 1 to 34, with the same force and effect as if more fully and length set forth herein.

43. HERA knowingly made assurances to IZAR CAPITAL on or about June 2016 to pay the past due amounts owed to IZAR CAPITAL.

44. HERA, through its principals and agents, continued to promise repayment during the provision of Services by IZAR CAPITAL.

45. HERA knew or should have known at the time that it was incapable of providing such payment.

46. HERA did not communicate to IZAR CAPITAL that HERA was unable to provide payment of the past due amounts.

47. HERA knew or should have known that IZAR CAPITAL would rely upon the promises and representations made by HERA that HERA would pay the past due amounts.

48. IZAR CAPITAL continued to work for HERA under the belief that HERA would pay the past due amounts and regularly communicated such to HERA.

49. HERA's ability to pay the past due amounts is a material fact which HERA misrepresented.

50. IZAR CAPITAL's reliance upon HERA's representations was reasonable.

51. IZAR CAPITAL suffered damages in excess of $2,566,933.00 from IZAR CAPITAL's reliance upon the promises and representations made by HERA.

52. WHEREFORE Plaintiff, IZAR CAPITAL, demands judgment on the first and second causes of action in the amount of $2,566,933.00 together with costs, disbursements,

attorney's fees per the contract, and for such other relief that the Court shall deem just and proper.

DATED: WASHINGTON, DC
 [August 21, 2017]

/s/Christopher A. Zampogna
CHRISTOPHER A. ZAMPOGNA
ZAMPOGNA, P.C.
Bar No.: 449851
Attorney for the Plaintiff
1776 K St, NW 700
WASHINGTON, DC  20006
202-223-6635
caz@zampognalaw.com

## VERIFICATION

District of Columbia ss.:

Junius Fielding Scarborough, III, being duly sworn deposes and says that I am a director of IZAR CAPITAL in this proceeding, I have read the foregoing Written Complaint, and know its contents to be true from my own knowledge, except to those stated upon information and belief, and as to those matters, I believe them to be true.

Junius Fielding Scarborough, III

Sworn to before me this 28th day of August 2017

_____
Notary Public